859 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda HENRY, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE CO., an Illinois corporation, Defendant-Appellee.
 No. 88-1149.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1988.
 ORDER
 
 1
 Before: ENGEL, Chief Judge, BOGGS, Circuit Judge, and ROBERT M. McRAE, Senior District Judge.*
 
 
 2
 The plaintiff appeals the order granting partial summary judgment for the defendant and dismissing the portion of this diversity tort action alleging intentional infliction of emotional distress. The plaintiff now moves this Court to certify this case to the Michigan Supreme Court to determine whether an action for intentional infliction of emotional distress may be brought under Michigan law. The defendant opposes the motion.
 
 
 3
 The plaintiff brought this action seeking damages for breach of a no-fault insurance contract and intentional infliction of emotional distress. Both claims are premised on the defendant's alleged failure to pay dental bills incurred as a result of an automobile accident which occurred while an insurance contract was in effect between the parties. The defendant filed a motion for partial summary judgment which was granted by the district court on January 14, 1988, dismissing the emotional distress claim. That order contained the language set forth in Rule 54(b), Fed.R.Civ.P., for certification of an interlocutory appeal but failed to set forth reasons why certification is proper. This appeal follows. The plaintiff now seeks to certify to the Michigan Supreme Court, pursuant to M.C.R. 7.305(B), the question of whether an action for intentional infliction of emotional distress may be brought in the State of Michigan. That rule provides that a federal court considering a question of Michigan law that is not controlled by Michigan Supreme Court precedent may certify the question to the Michigan Supreme Court. However, upon consideration of this matter, we conclude that we are without jurisdiction over this appeal.
 
 
 4
 A judgment is final for purposes of 28 U.S.C. Sec. 1291 "when it terminates all issues presented in the litigation on the merits and leaves nothing to be done except enforce by execution what has been determined." Donovan v. Hayden, Stone, Inc., 434 F.2d 619, 620 (6th Cir.1970) (per curiam). Absent certification for interlocutory appeal under 28 U.S.C. Sec. 1292(b) or Rule 54(b), Fed.R.Civ.P., an order disposing of fewer than all the parties or claims in an action is nonappealable. William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978) (per curiam); Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir.1973) (per curiam). Finality is a jurisdictional prerequisite for this Court and must be raised sua sponte where the parties have not raised the issue. Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 740 (1976).
 
 
 5
 Rule 54(b) provides that a district court may certify a claim for interlocutory appeal "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The rule requires that the district court "do more than just recite the 54(b) formula of 'no just reason for delay.' " Knafel v. Pepsi Cola Bottlers, 850 F.2d 1155, 1159 (6th Cir.1988), quoting Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 61 (6th Cir.1986); see also Coalition For Equitable Minority Participation in Architectural Contracts in Tennessee v. Metropolitan Gov't of Nashville & Davidson County, 786 F.2d 227, 230 (6th Cir.1986); Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc., 807 F.2d 1279, 1282 (6th Cir.1986). The district court must identify exactly what claim or claims were adjudicated and explain the factors warranting certification. Where the district court does not set forth the analysis guiding its certification, the purported certification is a nullity and this Court is without jurisdiction due to a lack of finality. Knafel, 850 F.2d at 1159-60. In the present case, the district court's attempted certification does not satisfy the requirements of Rule 54(b). Accordingly,
 
 
 6
 It is ORDERED that this appeal is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Jr., U.S. Senior District Judge for the Western District of Tennessee, sitting by designation