876 F.2d 895
 RICO Bus.Disp.Guide 7232
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley R. WAXMAN, Plaintiff-Appellant,
v.
Donald E. LUNA, et al., Defendants,
L. Hall Hardaway, Jr., L. Hall Hardaway, Sr., Hardaway
Construction Company, Incorporation, Imperial
Associates, Incorporated, Defendants-Appellees.
 No. 89-5563.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1989.
 
 Before KENNEDY, NATHANIEL L. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Examination of the papers before the court indicates that in February 1986, appellant, Stanley Waxman, filed a civil action for mail fraud and racketeering in the District Court for the Middle District of Tennessee. Appellees, L. Hall Hardaway, Jr., L. Hall Hardaway, Sr., Hardaway Construction Co., Inc., and Imperial Associates, Inc., as well as several other individuals and business entities were named as defendants. On March 6, 1989, the district court entered an order granting appellees' motion for summary judgment and dismissing appellant's claims against them. Appellees then moved that the district court certify that order as final and appealable pursuant to Fed.R.Civ.P. 54(b). By marginal notation on the face of that motion, the district court granted appellees' motion and appellant filed this appeal. As of this date, the district court has not rendered a final judgment disposing of appellant's claims against the remaining defendant on the merits.
 
 
 3
 This court lacks jurisdiction over the appeal. Specifically, absent a certification pursuant to Fed.R.Civ.P. 54(b), this court's jurisdiction does not extend to orders of the district court which dispose of fewer than all of the claims against all of the parties. Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976); Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 59 (6th Cir.1986). Even when the district court has provided the necessary certification, this court remains under an obligation to inquire into its own jurisdiction which it should decline to exercise over any case which the district court has improvidently certified as immediately appealable under Fed.R.Civ.P. 54(b). Scarbrough v. Perez, No. 87-5511, slip op. at 4-5 (6th Cir. Mar. 22, 1989); Knafel v. Pepsi Cola Bottlers of Akron, Inc., 850 F.2d 1155, 1158-59 (6th Cir.1988). Furthermore, in certifying an order as final and appealable under Fed.R.Civ.P. 54(b), the district court must not merely recite the language contained in that rule, but must also articulate the reasons underlying its determination that its order is final and appealable and presents no just cause for delay. The failure to provide that analysis deprives this court of jurisdiction. Scarbrough, slip op. at 4-5; Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc., 807 F.2d 1279, 1282-83 (6th Cir.1986).
 
 
 4
 The district court's certification in this case clearly does not comply with those standards. In particular, the district court did not provide any analysis in justification of its decision to grant the Fed.R.Civ.P. 54(b) certification, but merely indicated by means of a two-word marginal notation its belief that its order dismissing appellant's claims against appellees was final and appealable despite the continued pendency of his remaining claims. Moreover, appellees' motion for the required certification provides no additional guidance as to the basis of the district court's decision as it only recites the language contained in Fed.R.Civ.P. 54(b).
 
 
 5
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.