881 F.2d 1075
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BOARD OF EDUCATION, CALLOWAY COUNTY, KENTUCKY, Jack Rose,
Individually and as Superintendent of the Calloway
County Schools, Plaintiffs-Appellees,
v.
CNA INSURANCE, doing business as Continental Casualty
Company; Horace Mann Companies; Defendants
Calvert Insurance Company Defendant-Appellant.
 No. 89-5690.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant, Calvert Insurance Co., appeals from the order granting summary judgment for defendant CNA Insurance. The defendant now moves to hold the appeal in abeyance until the magistrate rules upon the plaintiff's motion to alter or amend the summary judgment.
 
 
 2
 This case was referred to a magistrate pursuant to 18 U.S.C. Sec. 636(c) on September 12, 1988. Following a motion for summary judgment filed by the plaintiffs against each defendant and cross motions for summary judgment filed by each of the defendants, the magistrate entered summary judgment on April 26, 1989, for defendants CNA Insurance and Horace Mann Companies. The magistrate denied the plaintiffs' and the defendant, Calvert Insurance Co.'s motions for summary judgment and stated that the order was final and appealable and there was no just reason for delay. The plaintiffs filed motions to alter or amend the judgment on May 23, 1989. The defendant, Calvert Insurance Co., filed a notice of appeal to this Court on May 24, 1989. On the same day, the plaintiffs filed a motion to extend the time for filing a notice of appeal with the magistrate. The magistrate granted the motion on June 28, 1989 and extended the date for appeal to "fifteen days following the entry of this Court's ruling on the plaintiffs' motion to alter or amend the April 26, 1989 order and summary judgment entered by the Court." The defendant now moves this Court to stay its appeal pending the decision of the magistrate.
 
 
 3
 We conclude that we are without jurisdiction in this appeal. Under 28 U.S.C. Sec. 1291, the finality of the judgment appealed from is a jurisdictional prerequisite that this Court must consider even though the issue has not been raised by the party. Knafel v. Pepsi Cola Bottlers of Akron, Inc., 850 F.2d 1155 (6th Cir.1988). The magistrate is authorized under 18 U.S.C. Sec. 636(c) to enter final judgment for the parties. However, in this case, he did not set forth his rationale for determining that there was no just reason for delay; in such a situation the court's Rule 54(b) order is not entitled to deference by this Court. Id. at 1159. Because the certification was improper, we are without jurisdiction to consider the merits of the appeal. See Corrosioneering v. Thyssen Environmental Systems, 807 F.2d 1279, 1282 (6th Cir.1986).
 
 
 4
 It is ORDERED that the appeal is dismissed sua sponte. Rule 9(b)(1), Rules of the Sixth Circuit. The motion to hold the appeal in abeyance is dismissed as moot. The dismissal of the appeal is without prejudice to the parties' right to file a new notice of appeal following entry of final judgment.