940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ghaleb F. HATEM, M.D., Individually and as Trustee,
Plaintiff-Appellant,
v.
ARK OIL GROUP LIMITED, a foreign corporation, AAMIR Raza
Khan and Delta Oil Company, a Delaware
Corporation, Defendants,
Harry S. Anderson and Deutsch, Kerrigan & Stiles, a foreign
corporation, Defendants-Appellees.
 No. 91-1008.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Dr. Ghaleb F. Hatem appeals the district court's dismissal of two of five named defendants (Harry S. Anderson, an attorney; Deutsch, Kerrigan & Stiles, a law firm) on personal jurisdiction grounds. For the following reasons, we dismiss this appeal for lack of jurisdiction.
 
 I.
 
 2
 On February 28, 1990, plaintiff-appellant Dr. Hatem initiated this action in the United States District Court for the Eastern District of Michigan. Dr. Hatem's complaint listed five causes of action, three of which named appellees Anderson and Deutsch, Kerrigan & Stiles. Essentially, "[t]he Complaint alleges that by a campaign of telephone calls and letters, the Defendants Mr. Kahn and Mr. Anderson induced Dr. Hatem to his detriment to participate in a partnership to be formed among Defendant Ark Oil Group Ltd. by and through Mr. Kahn, and Dr. Hatem." Appellant's Brief at 2-3.
 
 
 3
 On September 18, 1990, the district court judge issued an "Order Granting Defendants Anderson and Deutsch, Kerrigan & Stiles' Motion to Dismiss for Absence of Personal Jurisdiction." The appellees thereafter filed a "Motion to Amend Order to Include Rule 54(b) Certification" on September 26, 1990, which the district court judge granted on November 15, 1990 (though the order was not entered until November 20, 1990). See District Court's "Order Granting Defendants Harry S. Anderson, and Deutsch, Kerrigan & Stiles' Motion to Amend Order to Include Rule 54(b) Certification." Dr. Hatem thereafter filed a timely notice of appeal on December 17, 1990, challenging the appellees' dismissal from the action.
 
 
 4
 On December 26, 1990, the district court judge dismissed the complaint against defendants Khan and Ark Oil Group, Ltd. (presumably because Dr. Hatem was unable to effect service of process on either party), and entered a default judgment against defendant Delta Oil Company for $484,856.64.
 
 II.
 
 5
 "This court obtains jurisdiction only when an appeal is taken from a final order, 28 U.S.C. Sec. 1291, or from an appealable interlocutory order, 28 U.S.C. Sec. 1292." Corrosioneering, Inc. v. Thyssen Environmental Sys., Inc., 807 F.2d 1279, 1282 (6th Cir.1986). "An appeal taken from a nonfinal judgment is beyond our jurisdiction and must be dismissed." Knafel v. Pepsi Cola Bottlers of Akron, Inc., 850 F.2d 1155, 1158 (6th Cir.1988) (citing Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737 (1976)). Though the parties have not raised the issue, finality is a jurisdictional prerequisite that we may raise sua sponte. Id. at 1158-59.
 
 
 6
 On November 15, 1990, the district court judge issued her "Order Granting Defendants Harry S. Anderson, and Deutsch, Kerrigan & Stiles' Motion to Amend Order to Include Rule 54(b) Certification"[1] which stated (in its entirety):
 
 
 7
 Defendants Harry S. Anderson (Anderson) and Deutsch, Kerrigan & Stiles (DKS) have filed a motion requesting the court to amend its order of September 18, 1990, which dismissed Anderson and DKS from this suit for lack of personal jurisdiction. They ask the court to amend the order to include the certification of final judgment required by Fed.R.Civ.P. 54(b) to dismiss the complaint against them. Plaintiff has not responded to the motion.
 
 
 8
 Plaintiff named three defendants in this suit along with Anderson and DKS: Ark Oil Group Limited (Ark), Aamir Raza Khan (Khan), and Delta Oil Company (Delta). Process was never served on Ark or Khan and the summonses issued have expired. On June 27, 1990, the clerk of the court entered default against Delta. The court concludes, therefore, that it is proper to enter final judgment as to Anderson and DKS. Accordingly,
 
 
 9
 IT IS ORDERED that the motion of defendants Anderson and DKS for Rule 54(b) certification and dismissal of the complaint against them hereby is GRANTED.
 
 
 10
 Joint Appendix at 27-28.
 
 
 11
 "Although Rule 54(b) provides a means by which a district court may release for immediate appeal final decisions resolving 'one or more but fewer than all of the claims or parties' in a multiple-claim or multiple-party action, Fed.R.Civ.P. 54(b), it does not empower the district court to 'treat as final that which is not final within the meaning of Sec. 1291.' " Corrosioneering, Inc., 807 F.2d at 1282. Accordingly,
 
 
 12
 Rule 54(b) certification can be reversed by an appellate court for abuse of discretion. Rule 54(b) is not to be used routinely, or as a courtesy or accommodation to counsel. "The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice." Moreover, to avoid a finding of abuse of discretion in this Circuit a district court should do more than just recite the Rule 54(b) formula of "no just reason for delay." Deference is accorded to the district court only "on the assumption that the district court undertook to weigh and examine the competing factors involved in the certificate decision," and the absence of reasons in support of a district court's certification nullifies any deference due the Rule 54(b) order.
 
 
 13
 .............................................................
 
 
 14
 ...................
 
 
 15
 * * *
 
 
 16
 The failure of the district court to consider any factor or reason supporting its Rule 54(b) certification other than the finding that the warranty issue was "separate and distinct" from other issues in the case leaves this court in a position little better than if the district court had done nothing but recite the Rule 54(b) formula of "no just reason for delay." As in Solomon [v. Aetna Life Ins. Co., 782 F.2d 58 (6th Cir.1986) ], the absence of an independent analysis by the district court of the competing factors relevant to the Rule 54(b) certification nullifies any deference due the district court's Rule 54(b) order and "leaves this court with at least the following unanswered question: What would be the effect of, and the necessity for a final judgment" prior to a complete adjudication of all the claims between all the parties?
 
 
 17
 .............................................................
 
 
 18
 ...................
 
 
 19
 * * *
 
 
 20
 Furthermore, since virtually all that remained in the lower court at the time of the Rule 54(b) certification was the determination of damages, an immediate appeal would not " 'eliminate much unnecessary evidence, confine the issues, shorten the trial, save much expense to the litigants in connection with the preparation for trial and contribute considerably to expediting the work of the trial court.' "
 
 
 21
 Corrosioneering, Inc., 807 F.2d at 1282-85 (citations omitted).
 
 
 22
 The district court judge in the instant action failed to support her Rule 54(b) certification decision. In fact, the only "analysis" conducted by the district court judge ("Process was never served on Ark or Khan and the summonses issued have expired. On June 27, 1990, the clerk of the court entered default against Delta. The court concludes, therefore, that it is proper to enter final judgment as to Anderson and DKS.") counsels against granting the Rule 54(b) certification because the remaining parties' presence in the action appeared short-lived.
 
 
 23
 Because "[t]he district court did not set forth its rationale for determining that there was no just reason for delay and for directing the entry of an immediately appealable judgment as to only" two of the five defendants, Scarbrough v. Perez, 870 F.2d 1079, 1082 (6th Cir.1989), we dismiss Dr. Hatem's appeal for lack of jurisdiction "since there is no final judgment in the district court, and the district court's purported certification under Fed.R.Civ.P. 54(b) was improper." Knafel, 850 F.2d at 1156. See also Id. at 1159 ("[E]ven where the district court properly supports its certification, Rule 54(b) should not be used routinely, but rather should be reserved for the infrequent harsh case where certification serves the interests of justice and judicial administration."); Corrosioneering, Inc., 807 F.2d at 1284 ("[T]he absence of an independent analysis by the district court of the competing factors relevant to the Rule 54(b) certification nullifies any deference due the district court's Rule 54(b) order."); COMPACT v. Metropolitan Gov't of Nashville and Davidson County, Tenn., 786 F.2d 227, 231 (6th Cir.1986) (Action remanded to the district court to determine "whether certification under Rule 54(b) is appropriate and, if it is, for a statement of exactly what claim or claims were adjudicated and why certification under Rule 54(b) is proper."); Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 62 (6th Cir.1986) ("We think judicial economy will best be served by delaying appeal until all the issues can be confronted by this Court in a unified package. This is particularly true where the adjudicated and pending claims are closely related and stem from essentially the same factual allegations.... In light of the district court's failure to provide reasons for the 54(b) certification, it is impossible for us to see this as the infrequent harsh case in which final certification should be granted. We find that any deference due the district court's Rule 54(b) order is nullified, and we conclude that due to a lack of finality we are without jurisdiction.").
 
 III.
 
 24
 For the aforementioned reasons, we dismiss this action for lack of jurisdiction.
 
 
 
 [1]
 Fed.R.Civ.P. 54(b) provides:
 Judgment Upon Multiple claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is not just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.