972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter C. McCLENNAN, Plaintiff--Appellant (Case No. 92-3637),
Canyon Land & Development Corp., Walter C. McClennan,
General Partner for West Telluride Limited,
Plaintiffs-Appellants (Case No. 92-3642),
v.
CSANK & CSANK COMPANY, LPA, et al., Defendants,
Columbia Savings & Loan, Defendant-Appellee.
 Nos. 92-3637, 92-3642.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 The plaintiffs appeal from several district court orders which dismiss the defendant, Columbia Savings & Loan, from this action and deny their motion to file a third amended complaint. Plaintiff McClennan appeals pro se in Case No. 92-3637, and counsel appeals on behalf of all plaintiffs in Case No. 92-3642. The district court granted Columbia's motion to dismiss on September 10, 1991. In a subsequent order of April 8, 1992, the district court indicates that the prior order dismissed Columbia and other defendants because, pursuant to Fed.R.Civ.P. 54(b), there was no just reason for delay. Within ten days, as computed under Fed.R.Civ.P. 6(a), the plaintiffs filed a motion to amend the April 8 order and to allow the filing of an amended complaint. That motion was denied on May 12, 1992. The plaintiffs thereafter filed these appeals within thirty days. An order to show cause why these appeals should not be dismissed for lack of jurisdiction was entered in both appeals on July 6, 1992. Plaintiff McClennan responds in Case No. 92-3637 that he will abide by this court's instruction. No response on behalf of plaintiffs has been filed in Case No. 92-3642.
 
 
 2
 In the absence of a Rule 54(b) certification, an order which disposes of fewer than all parties or claims to an action is not final and appealable. See Fed.R.Civ.P. 54(b); Oak Construction Company v. Huron Cement Company, 475 F.2d 1220 (6th Cir.1973) (per curiam). Although the district court indicated in its order of April 8 that its prior dismissal was pursuant to Fed.R.Civ.P. 54(b), it has given no reason for that conclusion other than to note that there is no just reason for delay. This court will give substantial deference to a district court's certification under Fed.R.Civ.P. 54(b). However, the district court must do more than recite the language of the rule. See Knafel v. Pepsi Cola Bottlers of Akron, Inc., 850 F.2d 1155 (6th Cir.1988); Corrosioneering, Inc. v. Thyssen Environmental. Systems, Inc., 807 F.2d 1279, 1283 (6th Cir.1986); Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 60 (6th Cir.1986). We are unable to determine what facts make this an extraordinary case to justify an immediate appeal from the dismissal of one of the defendants. None of the materials presently before this court indicate the district court's reasoning.
 
 
 3
 Therefore, it is ORDERED that this appeal is dismissed sua sponte for lack of a final, appealable order.