983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The BUDD COMPANY, a foreign corporation, Plaintiff-Appellee,
v.
ADMIRAL INSURANCE COMPANY, a foreign corporation, Defendant-Appellant,
and
Fred S. JAMES & Company of New York, a foreign corporation;
First State Insurance Company, a foreign corporation;
American Centennial Insurance Co., a foreign corporation;
North Brook Excess & Surplus Insurance Co., a foreign
corporation; Sentry Insurance Company, a foreign
corporation; New England Reinsurance Corporation, a foreign
corporation; and Royal Indemnity Company, a foreign
corporation, Defendants-Appellees.
 No. 92-1400.
 United States Court of Appeals, Sixth Circuit.
 Dec. 31, 1992.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff-appellee Budd Company ("Budd") initiated this action to resolve an insurance coverage conflict among numerous insurance carriers comprising successive layers of Budd's multi-level, multi-million dollar insurance program. The district court judge granted Budd's motions for partial summary judgment. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Because we find that Fed.R.Civ.P. 54(b) certification was improvidently granted, we dismiss this appeal for lack of jurisdiction.
 
 I.
 
 2
 Budd's comprehensive, multi-tiered insurance coverage included a self-insured layer, Admiral Insurance's umbrella coverage, and succeeding layers of liability coverage obtained from numerous insurers including defendants-appellees First State Insurance Company, American Centennial Insurance Company, North Brook Excess & Surplus Insurance Company, Sentry Insurance Company, New England Reinsurance Corporation, and the Royal Indemnity Company (the "excess insurers"). Budd initiated this lawsuit to remedy the insurance coverage gaps (regarding defense costs and aggregate liability limits) that resulted from divergent insurance policy interpretations.
 
 
 3
 The parties filed cross-motions for partial summary judgment on Count I of Budd's Second Amended Complaint and Count I of Admiral Insurance's Counterclaim. In Count I of Budd's Second Amended Complaint, Budd sought a declaratory judgment that Admiral Insurance was obligated by the written terms of its policies to pay Budd's defense costs over and above Admiral Insurance's obligation to provide one million dollars of liability indemnity. In Count I of its Counterclaim, Admiral Insurance sought a declaratory judgment that: (1) the defense costs paid by Admiral would be included in Admiral's one million dollar liability indemnity; and (2) Admiral's aggregate liability limit would equal one million dollars for all covered claims.
 
 
 4
 Budd subsequently filed motions for partial summary judgment on Count VIII of its Second Amended Complaint and Count II of Admiral Insurance's Counterclaim. In Count VIII, Budd sought a declaratory judgment that Admiral Insurance's policies contained no aggregate limit of liability for general liability claims. In Count II of its Counterclaim, Admiral Insurance sought reformation of the policies issued to Budd if the court were to reject Admiral's interpretation of the policies' wording.
 
 
 5
 In ruling on the pending motions for summary judgment, the district court judge determined that Admiral Insurance must pay the defense costs in addition to Admiral's one million dollar liability indemnity, and concluded that Admiral had no aggregate general liability limit under its policies. Moreover, the district court judge determined that Admiral Insurance had failed to provide clear and convincing evidence that reformation would vindicate the contracting parties' true intentions.
 
 
 6
 After granting Budd's motions for partial summary judgment on Counts I and VIII of its Second Amended Complaint, and on Count II of Admiral Insurance's Counterclaim, and after denying Admiral Insurance's cross-motion for partial summary judgment on Count I of its Counterclaim, the district court judge denied as moot Budd's motions for partial summary judgment against the excess insurers. The district court judge, pursuant to Fed.R.Civ.P. 54(b), then certified his findings as final and immediately appealable:
 
 
 7
 As counsel for the parties stated on the record at the October 29, 1991 hearing on the subject Motions and in November 4, 1991 correspondence to the Court, the only issues in this case not resolved by the foregoing rulings are Admiral's Counterclaim for unjust enrichment and Budd Company's request for reimbursement of attorneys' fees from Fred S. James & Co.
 
 
 8
 As indicated at the October 29, 1991 hearing, the Court finds that there is no just reason to delay entry of a final judgment as to all of the other matters in this case, and that these counterclaim and attorneys' fees issues can easily be handled via post-judgment motions.
 
 
 9
 For these reasons, a Final Judgment will be entered pursuant to Fed.R.Civ.P. 54(b) as to all matters in this case except Admiral's counterclaim for unjust enrichment and Budd Company's request for reimbursement of attorneys' fees from Fred S. James & Co.
 
 
 10
 District Court's January 8, 1992 Opinion and Order at 33-34.
 
 II.
 
 11
 Because "[t]his court obtains jurisdiction only when an appeal is taken from a final order, 28 U.S.C. § 1291, or from an appealable interlocutory order, 28 U.S.C. § 1292," Corrosioneering, Inc. v. Thyssen Environmental Sys., Inc., 807 F.2d 1279, 1282 (6th Cir.1986), "[a]n appeal taken from a nonfinal judgment is beyond our jurisdiction and must be dismissed." Knafel v. Pepsi Cola Bottlers of Akron, Inc., 850 F.2d 1155, 1158 (6th Cir.1988). Though the parties have not raised the issue, finality is a jurisdictional prerequisite that we may raise sua sponte. Id. at 1158-59.
 
 
 12
 "Although Rule 54(b) provides a means by which a district court may release for immediate appeal final decisions resolving one or more but fewer than all of the claims or parties in a multiple-claim or multiple-party action, Fed.R.Civ.P. 54(b), it does not empower the district court to treat as final that which is not final within the meaning of § 1291." Corrosioneering, Inc., 807 F.2d at 1282.
 
 
 13
 The district court judge failed to support his Rule 54(b) certification decision. In fact, the only analysis conducted by the district court ("the Court finds that there is no just reason to delay entry of a final judgment as to all of the other matters in this case, and that these counterclaim and attorneys' fees issues can easily be handled via post-judgment motions") counsels against granting the Rule 54(b) certification because the remaining issues in the action appear short-lived.
 
 
 14
 Accordingly, we dismiss Admiral Insurance's appeal for lack of jurisdiction "since there is no final judgment in the district court, and the district court's purported certification under Fed.R.Civ.P. 54(b) was improper." Knafel, 850 F.2d at 1156. See also Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 62 (6th Cir.1986) ("We think judicial economy will best be served by delaying appeal until all the issues can be confronted by this Court in a unified package. This is particularly true where the adjudicated and pending claims are closely related and stem from essentially the same factual allegations.").
 
 III.
 
 15
 Accordingly, this appeal is dismissed for lack of jurisdiction. Rule 9(b)(3), Rules of the Sixth Circuit.