**OAK CONSTRUCTION COMPANY,**
**Plaintiff-Appellant,**

v.

**HURON CEMENT COMPANY,**
**Defendant-Appellee.**

**No. 72-1853.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 7, 1973.

Decided March 22, 1973.

---

Richard H. Scholl, Detroit, Mich., Schaden & Peplowski, Detroit, Mich., on brief, for plaintiff-appellant.

George B. Martin, Detroit, Mich., Dickinson, Wright, McKean & Cudlip, Detroit, Mich., on brief, for defendant-appellee.

Before EDWARDS, CELEBREZZE, and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from the grant of summary judgment in favor of the defendant cement company in a Robinson-Patman action, 15 U.S.C. § 13(a), (d), and (e), to recover treble damages for injuries resulting from unlawful price discrimination.

The record reveals that a counterclaim for non-payment of a contract debt was filed by defendant but has not yet been adjudicated. Since all the claims before the court were not decided in the grant of summary judgment, that order is interlocutory. Illinois Tool Works, Inc. v. Brunsing, 378 F.2d 234 (9th Cir. 1967); 6 J. Moore, Federal Practice ¶ 54.35[1], at 582 (2d ed. 1948).

Federal courts of appeal do not have jurisdiction of interlocutory orders under 28 U.S.C. § 1291, David v. District of Columbia, 88 U.S.App.D.C. 92, 187 F.2d 204 (D.C.Cir.1950), although in an action involving multiple claims or parties the district court may enter a final, appealable judgment with respect to less than all the claims or parties if it certifies that there is no just reason for delay and expressly directs the entry of judgment. Fed.R.Civ.P. 54(b). No such certification or direction was entered in this case. Accordingly, we lack jurisdiction to entertain this appeal.

This lack of jurisdiction cannot be cured now by a belated Rule 54(b) certification by the District Court. Williams v. Bernhardt Bros. Tugboat Service, Inc., 357 F.2d 883 (7th Cir. 1966). Our jurisdiction attaches, if at all, when notice of appeal is filed in the district court. See Fed.R.App.P. 3(a). If all the jurisdictional prerequisites have not been satisfied at that point, we have no choice but to dismiss the action and "indicate to the parties that if the trial court enters a new judgment and accompanies it with a Rule 54(b) certificate, the second appeal will be heard on the record and briefs prepared for the first appeal, as supplemented by the new judgment and certificate." 3 Barron & Holtzoff, Federal Practice & Procedure § 1193, at 26 (Wright ed. 1958).

The appeal is dismissed. No costs.