**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**WALTER NUGENT ENTERPRISES et al., Defendants-Appellants.**

**No. 73–2202.**

United States Court of Appeals, Sixth Circuit.

Decided Oct. 22, 1974.

Certiorari Denied March 17, 1975. See 95 S.Ct. 1413.

Walter W. Nugent and Ruth Marie Nugent, pro se.

Ralph B. Guy, Jr., U. S. Atty., Fred M. Mester, Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This is a pro per appeal by a husband and wife, d/b/a Walter Nugent Enterprises, from a judgment entered upon a jury verdict for $29,316.29 in favor of the United States. The complaint of the United States was filed pursuant to 28 U.S.C. § 1345 and alleged that the defendant-appellants had defaulted on a $25,000 loan from the Small Business Administration. The case has been assigned to this panel pursuant to Rule 3(e), Sixth Circuit Rules.

The appellants' brief raises numerous issues, some of which are outside the scope of the record. We have carefully considered their brief, their response to the motion of the United States to dismiss and the record as a whole. We conclude that "it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument." Rule 8, Sixth Circuit Rules.

At the trial, the appellants did not deny that they signed the note on which the United States sued or that they received the money in question. Their defense rested on an allegation that a local officer of the Small Business Administration indicated to them that collection on the note would not be attempted, at least until their business became profitable, and this led them to believe that the loan was a grant. Further, the appellants attempted to argue by way of counterclaim at the trial that the United States, through the Small Business Administration and the Food and Drug Administration had conspired with a Detroit bank and others to ruin their business and bankrupt them and thus to prevent them from repaying the note.

Our review of the record convinces us that there is more than sufficient evidence to support the jury's determination of the appellants' liability on the note. Further, the District Court correctly ruled that the appellants' counterclaim was barred. 28 U.S.C. §§ 1346(a)(2), 2680(h), 2671 et seq. The District Court also correctly denied the appellants' attempt to appeal the dismissal of the counterclaim. Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir. 1973); Business Communications, Inc. v. Cahners Publishing Co., 420 F.2d 535 (6th Cir. 1969); Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corp., 154 F.2d 814 (2d Cir.), cert. denied, 328 U.S. 859, 66 S.Ct. 1353, 90 L.Ed. 1630 (1946). The other con-

tentions of the appellants which are relevant to this appeal are equally without merit.

The judgment of the District Court is affirmed.