767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RUTH GILLILAND, PLAINTIFF-APPELLANT,
v.
GENERAL TELEPHONE CO. OF OHIO; TRUSTEES OF GENERAL TELEPHONE
CO. OF OHIO PENSION PLAN, DEFENDANTS-APPELLEES.
 NO. 84-3165
 United States Court of Appeals, Sixth Circuit.
 6/7/85
 
 N.D.Ohio
 DISMISSED
 ORDER
 BEFORE: MERRITT, KENNEDY and MILBURN, Circuit Judges.
 
 
 1
 Plaintiff appeals from the district court's grant of summary judgment for defendant General Telephone Company of Ohio (GTC).
 
 
 2
 Plaintiff was a part-time employee for Northern Ohio Telephone (NOT) from 1955 until 1974 when NOT merged with GTC. She remained with GTC as a part-time employee until she retired in 1981. Until 1970 plaintiff was covered by NOT's pension plan under which part-time employees accrued the same number of service hours per year as full-time employees. In 1970 the NOT pension plan was modified to conform to GTC's plan. Under the 1970 plan the pension benefits for part-time employees was calculated on a basis that reflected the proportion of part-time to full-time employment. In 1978 the union filed a grievance on behalf of plaintiff and other affected employees alleging that GTC had unilaterally changed the method for computing pension benefits for part-time employees who commenced employment prior to 1970 in violation of the collective bargaining agreement. The union pursued the grievance through arbitration. The arbitrator found that the method used by GTC in computing pension benefits complied with the 1970 agreement and past practice. He denied the grievance, and no appeal was taken from his decision.
 
 
 3
 On May 5, 1982 plaintiff filed suit against GTC and the trustees of the GTC pension plan under the Employee Retirement Income Security Act of 1974 (ERISA). Although both defendants were served with process, only GTC answered. Subsequently, plaintiff and GTC moved for summary judgment. On January 27, 1984 the district court granted summary judgment for GTC. Plaintiff appealed.
 
 
 4
 Upon consideration, this Court concludes that plaintiff's appeal must be dismissed. Rule 54(b), Federal Rules of Civil Procedure provides that no judgment disposing of less than all the claims as to all parties is final, unless the district court expressly determines that there is no just reason for delay and orders entry of judgment. Absent Rule 54(b) certification, an order adjudicating fewer than all of the claims or the rights and liabilities of fewer than all of the parties is not a final appealable order. Moody v. Kapica, 548 F.2d 133 (6th Cir. 1976); Oak Construction v. Huron Cement Company, 475 F.2d 1220 (6th Cir. 1973).
 
 
 5
 In the present case both defendants were served with process. The district court's order only disposed of the claims against GTC. Therefore, plaintiff's claims against the trustees of GTC are still pending in the district court. Where the record contains no express direction for entry of final judgment and no Rule 54(b) certification, this Court lacks jurisdiction to entertain an appeal. Oak Construction Company v. Huron Cement Company, 475 F.2d at 1221.
 
 
 6
 Accordingly, it is ORDERED that the appeal is dismissed for lack of jurisdiction pursuant to Sixth Circuit Rule 9(d)(1).