767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TRAVELERS INSURANE COMPANY, PLAINTIFF-APPELLEE,
v.
WILLIAM C. LEWIS, DEFENDANT-APPELLANT.
 NO. 85-3365
 United States Court of Appeals, Sixth Circuit.
 6/7/85
 
 S.D.Ohio
 APPEAL DISMISSED
 ORDER
 BEFORE: MERRITT, WELLFORD and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the appellant's motion for a stay of foreclosure proceedings pending appeal. The notice of appeal was filed on May 3, 1985 and an amended notice of appeal was filed on May 20, 1985. Both notices of appeal were taken from the district court's order of April 25, 1985. However the May 3 notice of appeal only relies on that portion of the April 25 order denying the appellant's motion for a continuance while the May 20 notice of appeal relies on the April 25 order in its entirety denying both the motion to prevent the lifting of a stay under 11 U.S.C. Sec. 362, and a motion for a continuance. The appellee has filed a response in opposition thereto.
 
 
 2
 Importantly, per an agreement between the parties approved by the bankruptcy court, the lifting of a stay under 11 U.S.C. Sec. 362 had been granted by the bankruptcy on court February 1, 1984. However, the appellee's right to foreclose on the property securing the debt was suspended until the appellant defaulted on the agreement.
 
 
 3
 The appellant defaulted by not making a payment on the debt within a year of the making of the court approved agreement. The debt is substantially in excess of $700,000. The appellee filed foreclosure proceedings on May 7, 1985. In response, the appellant moved for a stay and a continuance to delay foreclosure proceedings. Specifically, the relief sought by the appellant in the district court was a modification by the court of the September 1983 agreement. That same relief is sought in this Court by the appellant's motion for a stay.
 
 
 4
 Without reaching the merits of the appellant's appeal and motion for a stay, this Court finds that the appellant's appeal of May 3 and the amended appeal of May 20 must be dismissed and the motion for a stay denied.
 
 
 5
 The appellant has appealed from a non-appealable order. The April 25 order is interlocutory because the action, particularly the appellee's foreclosure proceedings, is still pending in the district court. Therefore, the order appealed from is not a final order, and this Court lacks jurisdiction over the appeal. 28 U.S.C. Sec. 1291; Oak Construction Company v. Huron Cement Company, 475 F.2d 1220 (6th Cir. 1973). Moreover, this Court lacks jurisdiction to review the matter under 28 U.S.C. Sec. 1292(a)(1) as an order refusing an injunction. Lynch v. Johns-Mansville Sales Corp., 701 F.2d 43, 44 (6th Cir. 1983).
 
 
 6
 Because the Court lacks jurisdiction over appellant's appeal, it must be dismissed and the appellant's motion for a stay is mooted and must be denied.
 
 
 7
 It is, therefore, ORDERED that the appellant's appeal be, and hereby is, dismissed. It is further ORDERED that the appellant's motion for a stay of foreclosure proceedings be, and hereby is, denied.