791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRANK S. TOTH, Plaintiff-Appellant,
v.
ROBERT B. DIXON; POLLY TOTH; JEANETTE BOLTON; JUDGE JUNE R.
GALVIN; DAVID T. TAYLOR; WILLIAM EICKHOLT,
Defendants-Appellees.
 85-3144
 United States Court of Appeals, Sixth Circuit.
 4/3/86
 
 APPEAL DISMISSED
 N.D.Ohio
 ORDER
 BEFORE: KEITH, NELSON and GUY, Circuit Judges.
 
 
 1
 Plaintiff appeals from the order dismissing his pro se civil rights action. Upon review of the record, we find that we lack jurisdiction over the appeal because no final order has been entered. See 28 U.S.C. Sec. 1291.
 
 
 2
 Plaintiff filed this pro se civil rights action against the State of Ohio, the City of Toledo, his ex-wife, her attorney, his former attorney, and the judge, referee and a witness in his divorce action. The government defendants (the state, the city, Judge Galvin, and Referee Taylor) and plaintiff's former attorney (William Eickholt) filed motions to dismiss. The remaining defendants, Polly Toth, Richard Dixon and Jeanette Bolton, filed answers and counterclaims seeking attorney's fee. The district court, in two separate orders, dismissed the action against the state, Judge Galvin, Referee Taylor, William Eickholt, and the City of Toledo. Plaintiff then filed a motion to dismiss the counterclaims of defendants Toth, Dixon and Bolton. The defendants filed a response in which they reasserted their counterclaims, requesting attorney's fees and punitive damages. They then filed motions for summary judgment in which they again requested attorney's fees and punitive damages. The motions were referred to a magistrate, who recommended that the motion to dismiss the counterclaim be denied. The district court adopted the magistrate's report and recommendation. The magistrate then entered a separate report recommending that defendants' motions for summary judgment be granted. The report did not mention the counterclaims. On January 17, 1985, the court adopted the magistrate's report and recommendation and granted defendants' motions for summary judgment. The court did not rule on the counterclaims but merely noted that plaintiff had objected to the magistrate's report on the grounds that 'defendants should not have abandoned their counterclaim.'
 
 
 3
 Appellate jurisdiction exists under 28 U.S.C. Sec. 1291 only when the appeal is taken from a final order. Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir. 1973). A judgment that disposes of less than all the claims by all parties is not a final appealable order unless certified under Federal Rules of Civil Procedure 54(b). Id. An order granting summary judgment is not final and appealable if a counterclaim remains pending and there is no Rule 54(b) certification. Id.; see Union Oil Co. v. Service Oil Co., 766 F.2d 224 (6th Cir. 1985). The district court did not rule on the counterclaims in its January 17 order. Therefore, the January 17 order was not a final judgment because it did not dispose of all the claims before the court. See Oak Construction Co. v. Huron Cement Co., 475 F.2d at 1221; Moody v. Kapica, 548 F.2d 133 (6th Cir. 1976).
 
 
 4
 Accordingly, it is ORDERED that the appeal be dismissed sua sponte for lack of jurisdiction.