848 F.2d 192
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alexander MALAHOF, Plaintiff, Counter-Defendant,
and
Blue Cross and Blue Shield, Intervening Silent Plaintiff,
v.
Judy M. STIVER, Ray E. Stiver; Defendants-Appellants,
Counter-Plaintiffs, Cross-Plaintiffs,
Noel P. Keane, Philip J. Parker, M.D., W.J. Ringold, M.D.,
John Hayes, L.C. Jorge, and C.M. Decespedes,
Defendants, Cross-Defendants-Appellees.
 No. 88-1323.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1988.
 
 Before KEITH and WELLFORD, Circuit Judges, and GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 Two (2) defendants, Ray and Judy Stiver, appeal from an order of the district court dated March 8, 1988. That order denied reconsideration of the court's January 15, 1988 order which granted summary judgment in favor of three (3) of the cross-defendant physicians. None of the remaining parties have filed notices of appeal or cross-appeal.
 
 
 2
 This action began as a suit for negligence and medical malpractice: plaintiff Malahof sued the Stivers and the four (4) physicians Parker, Ringold, Jorge, and Decepedes. Malahof also brought a claim for legal malpractice against defendant attorneys Keane and Hayes. Subsequently, the Stivers filed a counterclaim against Malahof. In addition, the Stivers filed Stivers filed cross-claims against the defendant physicians and attorneys.
 
 
 3
 Malahof's claim against three (3) of the defendant physicians has been dismissed by order of the district court granting a motion for summary judgment in favor of Drs. Ringold, Jorge, and Decepedes. A claim against Dr. Parker remains pending. However, Dr. Parker has filed a motion for summary judgment which has yet to be ruled upon. As a result, the claims Malahof asserts against defendants Ray and Judy Stivers, Dr. Parker and attorneys Keane and Hayes are still pending. The Stivers' cross-claim against the defendant physicians and attorney Keane have been dismissed pursuant to a district court order granting summary judgment in favor of those defendants. The counterclaim against Malahof likewise has been dismissed. Therefore, the Stivers' cross-claim against attorney Hayes is still pending.
 
 
 4
 Accordingly, the record reflects that numerous claims remain pending in district court. Certification for interlocutory appeal was not requested of the lower court. Absent certification for interlocutory appeal under 28 U.S.C. Sec. 1292(b) or Rule 54(b), Fed.R.Civ.P., an order disposing of fewer than all the parties or claims is nonappealable. William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978) (per curiam); Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir.1973) (per curiam). Accordingly,
 
 
 5
 It is ORDERED that the appeal of the defendants Stivers' be dismissed sua sponte. Rule 9(b)(1), Rules of the Sixth Circuit.