**W. Martin HASKELL, M.D.; Forte'
Management Corporation,
Plaintiffs–Appellants,**

v.

**WASHINGTON TOWNSHIP; Walter A. Buchanan, Trustee, Washington Township Board of Trustees, Individually and in his official capacity; Russell W. Miller, Trustee, Individually and in his official capacity; Ron Smith, Zoning Inspector, in his official capacity; Gary Huff, Director of Development & Zoning, Defendants–Appellees.**

No. 89–3857.

United States Court of Appeals,
Sixth Circuit.

Dec. 6, 1989.

Roy Lucas, Cincinnati, Ohio, for plaintiffs-appellants.

Charles J. Faruki, Faruki, Gilliam & Ireland, Dayton, Ohio, for Washington Tp., Walter A. Buchanan, Russell W. Miller and Ron Smith.

Charles J. Faruki, David A. Shough, Faruki, Gilliam & Ireland, Dayton, Ohio, for Gary Huff.

Before MERRITT, Chief Judge; WELLFORD, Circuit Judge; and DEMASCIO, Senior District Judge *.

ORDER

The plaintiffs appeal a district court order denying their motion for Fed.R.Civ.P. 11 sanctions against the defendants. An order to show cause why this appeal should not be dismissed for lack of jurisdiction was entered on September 26, 1989. The defendants have filed a motion to dismiss. The plaintiffs have filed a single response to both the show cause order and motion. The defendants have replied.

The show cause order and motion to dismiss are premised on the lack of certification for an interlocutory appeal pursuant to

---

* The Honorable Robert M. DeMascio, Senior District Judge for the Eastern District of Michigan, sitting by designation.

Fed.R.Civ.P. 54(b) or 28 U.S.C. § 1292(b). The plaintiffs respond that a motion pursuant to Rule 54(b) and a motion for certification has now been filed in the district court and is now pending or, alternatively, that the order is appealable under the collateral order doctrine arising from *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

There has been no certification under Rule 54(b) in this case. Certification under Rule 54(b) in the district court after the notice of appeal has been filed does not confer jurisdiction in this court. *See Oak Construction Company v. Huron Cement Company*, 475 F.2d 1220 (6th Cir.1973) (per curiam); *Longo v. Glime*, 872 F.2d 1026 (6th Cir.1989) (unpub.). *See also Pflocks v. Firestone Tire*, 634 F.2d 1215 (9th Cir. 1980) (Rule 37 sanctions question). The denial of sanctions will be reviewable following entry of final judgment on the merits in the underlying dispute. The denial of sanctions by a district court is also not ordinarily immediately appealable under *Cohen*. *See Pflocks, supra; Kordich v. Marine Clerks Association*, 715 F.2d 1392, 1393 (9th Cir.1983); and *Meche v. Dan–Tex international, Inc.*, 681 F.2d 264, 265 (5th Cir.1982).

It is therefore ORDERED that the defendant's motion to dismiss this appeal is granted without prejudice to the right of appellant to pursue a further appeal in the event of proper Rule 54(b) certification by the district court. *See, e.g., Knafel v. Pepsi Cola Bottlers*, 850 F.2d 1155, 1159–60 (6th Cir.1988) (district court must make a valid certification to give this court jurisdiction). Rule 9(b), Local Rules of the Sixth Circuit. (A prompt ruling on the motion to certify in the district court is anticipated).

ENTERED BY ORDER OF THE COURT.