947 F.2d 947
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
ex rel. Larry S. EAGLEYE; Alan Russ; Charles Broome;
Plaintiffs-Appellants,
v.
TRW, INC.; General Electric Company, Defendants-Appellants.
 Nos. 91-3784, 91-3820.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 These appeals are from orders entered in two actions brought under the False Claims Act, 31 U.S.C. § 3730(b), against TRW, Inc. and General Electric, Inc. The first action was commenced in the district court on April 4, 1986 (Eagleye I ). The second action was filed August 12, 1987 (Eagleye II ). The district court entered an order dismissing the three plaintiff-relators from Eagleye I. Subsequently, it entered an order allowing the government to proceed in Eagleye I as the sole plaintiff against TRW on the first amended complaint. Case No. 91-3820 is the plaintiff-relators' appeal from their dismissal from Eagleye I. On the same day that they filed their notice of appeal, the plaintiff-relators also moved to amend the orders to make them final and appealable under Fed.R.Civ.P. 54(b). Case No. 91-3784 is the plaintiff-relators' appeal from the dismissal of Eagleye II.
 
 
 2
 The plaintiffs have now moved this court to hold the appeal in 91-3784 in abeyance pending the district court's ruling on the motion for Rule 54(b) certification of the orders on appeal in 91-3280. The plaintiffs also move for consolidation of the two appeals.
 
 
 3
 An issue arises as to this court's jurisdiction to hear the appeal in Case No. 91-3280. Although the orders on appeal dismissed the plaintiff-relators, the district court subsequently reinstated the action on the first amended complaint with the government as the plaintiff. Accordingly, the orders in question do not dispose of all parties or claims in the action. Absent certification under Fed.R.Civ.P. 54(b), such an order is nonappealable. William B. Tanner Co. v. United States, 575 F.2d 101, 102 (6th Cir.1978) (per curiam). Even though a motion for certification under Rule 54(b) is pending, a certification made after the filing of a notice of appeal does not impart appellate jurisdiction in this circuit. Haskell v. Washington Township, 891 F.2d 132, 133 (6th Cir.1989) (order); Oak Construction Company v. Huron Cement Company, 475 F.2d 1220 (6th Cir.1973) (per curiam). Accordingly, this court lacks jurisdiction in 91-3820. Nevertheless, it appears to be appropriate to place the appeal in 91-3784 in abeyance pending the district court's ruling on the Rule 54(b) motion before it.
 
 
 4
 Therefore, it is ORDERED that the appeal in Case No. 91-3820 is dismissed sua sponte for lack of jurisdiction, without prejudice to the plaintiff-relators' right to perfect a timely appeal in the event of a proper certification by the district court under Fed.R.Civ.P. 54(b). See Knafel v. Pepsi Cola Bottlers of Akron, Inc., 850 F.2d 1155, 1159 (6th Cir.1988) (order certifying finality under Rule 54(b) must explain reasons for certification); Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 60 (6th Cir.1986) (district court must do more than recite the rule). Further, it is ORDERED that the appeal in 91-3784 shall be placed in abeyance pending resolution of the motion by the district court. The plaintiffs are directed to file written status reports every 30 days, with the first report due 30 days after entry of this order. If a second appeal is perfected, it shall be consolidated with 91-3784.