968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LIBERTY HEATING AND COOLING, INCORPORATED,
Plaintiff-Counter/Defendant-Appellant,
v.
BUILDERS SQUARE, INCORPORATED, a Delaware Corporation and a
subsidiary company of K-Mart,
Defendant-Counter/Plaintiff-Appellee,
K-Mart Corporation, Defendant.
 No. 92-1541.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1992.
 
 Before MILBURN and SILER, Circuit Judges; and CELEBREZZE, Senior Judge.
 
 ORDER
 
 1
 This matter is before the court for the plaintiff's response to this court's May 13, 1992, order directing the plaintiff to show cause why its appeal should not be dismissed for lack of appellate jurisdiction. On May 27, 1992, the plaintiff filed a motion for additional time in which to respond to the show cause order indicating that the plaintiff intended to file a motion in the district court for certification pursuant to Rule 54(b), Fed.R.Civ.P. The motion for an extension was granted and the plaintiff was given until June 10, 1992, in which to file its response. However, no response has been received. The district court clerk indicates that on June 2, 1992, the plaintiff filed a motion for Rule 54(b) certification in the district court but that on June 8, 1992, the motion was withdrawn.
 
 
 2
 Even if the district court were to grant Rule 54(b) certification, certification by the district court after the notice of appeal has been filed does not generally confer jurisdiction in this court. See Haskell v. Washington Township, 891 F.2d 132, 133 (6th Cir.1989) (per curiam); Oak Construction Company v. Huron Cement Company, 475 F.2d 1220 (6th Cir.1973) (per curiam). Moreover, the district court must make a valid certification to give this court jurisdiction. Knafel v. Pepsi Cola Bottlers of Akron, Inc., 850 F.2d 1155 (6th Cir.1988). Based on the foregoing, the court concludes that it does not have jurisdiction in this appeal.
 
 
 3
 It is therefore ORDERED that the plaintiff's appeal is dismissed without prejudice to its right to perfect a timely appeal upon entry of final judgment or in the event of proper Rule 54(b) certification by the district court. Rule 9(b)(1), Local Rules of the Sixth Circuit.