Colvin McCRIGHT, Jr.,
Plaintiff–Appellant,

v.

Michael SANTOKI; R.G. Borg,
Defendants–Appellees.

No. 91–15905.

United States Court of Appeals,
Ninth Circuit.

Submitted July 20, 1992 *.

Decided Oct. 1, 1992.

---

* This case was submitted for decision without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Colvin McCright, Jr., in pro per.

James Ching, Deputy Atty. Gen., Sacramento, Cal., for defendants-appellees.

Before CANBY, REINHARDT, LEAVY, Circuit Judges.

PER CURIAM:

Colvin McCright, Jr. ("McCright") appeals *pro se* the district court's order denying his motion for Rule 11 sanctions against opposing counsel. Because the underlying action has not yet come to judgment, we dismiss the appeal for lack of jurisdiction.

### Background

During the pre-trial phase of a 42 U.S.C. § 1983 suit challenging his transfer from San Quentin to New Folsom prison, McCright moved the district court for a preliminary injunction and for Rule 11 sanctions against opposing counsel. McCright sought the preliminary injunction to protect himself against alleged retaliatory measures taken by prison officials in response to his § 1983 suit. Specifically, McCright asserts that prison officials responded to his suit by, among other things, keeping him in Administrative Segregation, placing him in a double cell with a dangerous cellmate who attacked him, and denying him access to the prison law library. McCright's motion for Rule 11 sanctions asserted that the prison's lawyers filed a frivolous motion to dismiss his action and misrepresented facts in opposing his motion for a preliminary injunction.

The district court denied the requested preliminary injunction and the motion for sanctions. We address the denial of McCright's motion for a preliminary injunction in a separate memorandum disposition. Here, we dismiss for lack of jurisdiction McCright's appeal of the denial of his Rule 11 motion.

### Discussion

Whether an order denying Rule 11 sanctions may be appealed in advance of judgment in the underlying action is an issue of first impression in this circuit. McCright argues that an order denying sanctions is a final order appealable under 28 U.S.C. § 1291. We disagree.

Title 28 U.S.C. § 1291 provides for appellate jurisdiction over "final decisions of the district courts of the United States." A "final decision" is generally one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). The order denying McCright's motion for Rule 11 sanctions has no such effect: not only will "litigation on the merits" continue, but the district court is free to reconsider its decision to deny sanctions. As the litigation continues and a fuller picture of opposing counsel's conduct emerges, the court may decide to impose sanctions based on a renewed motion from McCright or on its own motion. Accordingly, we hold that the denial of a party's motion for Rule 11 sanctions is not a final decision appealable under 28 U.S.C. § 1291.

The result reached here is in accord with our rule that an order awarding sanctions against a party generally is not appealable prior to the entry of final judgment. *See Riverhead Sav. Bank v. National Mortg. Equity Corp.*, 893 F.2d 1109, 1113 (9th Cir.1990); *In re Coordinated Pre-trial Proceedings*, 747 F.2d 1303, 1305 (9th Cir. 1984), *cert. denied*, 471 U.S. 1100, 105 S.Ct. 2323, 85 L.Ed.2d 841 (1985). Only where sanctions are *imposed* on a *non-party* are Rule 11 orders immediately appealable under § 1291.[1] *See, e.g., Mesirow v. Pepper-*

---

**1.** Immediate review may, however, be available

under the rule announced in *Cohen v. Beneficial*

*idge Farm, Inc.,* 703 F.2d 339, 345 (9th Cir.), *cert. denied,* 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983). We permitted the attorney in *Mesirow* to appeal immediately the trial court's imposition of sanctions because, as a non-party, he had no personal interest in the underlying litigation. As to him, the order imposing sanctions ended all litigation on the merits and left nothing for the trial court to do but enforce its judgment. Here, by contrast, it is the *party* who initiated the underlying lawsuit who appeals the *denial* of sanctions. McCright's continued interest in the underlying litigation is obvious, and we therefore have no trouble treating him differently from the non-party attorney sanctioned in *Mesirow.*

Nor may McCright immediately appeal the denial of sanctions under *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). The *Cohen* doctrine permits an appeal from a trial court order in advance of a final judgment if the order "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final judgment." *G.J.B. & Assocs. v. Singleton,* 913 F.2d 824, 828 (10th Cir.1990) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)). Orders denying Rule 11 sanctions fail the third element of the *Cohen* test: such orders are not effectively unreviewable on appeal from a final judgment. McCright will suffer little if any prejudice from having to wait for the entry of judgment in his underlying suit to appeal the order denying sanctions.[2]

We conclude that we do not have jurisdiction to hear McCright's appeal of the denial of his Rule 11 Motion. McCright is, of course, free to appeal the denial of sanctions after there has been a final decision in the underlying lawsuit. *See, e.g., Giebelhaus v. Spindrift Yachts,* 938 F.2d 962, 964 (9th Cir.1991); *Chuidian v. Philippine Nat'l Bank,* 912 F.2d 1095, 1107 (9th Cir. 1990).

### Conclusion

McCright's appeal of the denial of his Rule 11 motion is DISMISSED for lack of jurisdiction.

*Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949) if a party is ordered to pay sanctions in advance of a final judgment under circumstances which may render post-judgment review ineffective. *See Riverhead Sav. Bank v. National Mortg. Equity Corp.,* 893 F.2d at 1114 (invoking the *Cohen* doctrine to review sanctions order made enforceable before the entry of final judgment where sanctions were ordered to be paid to a party on the brink of insolvency).

2. In holding that an order denying Rule 11 sanctions is not immediately appealable under *Cohen,* we are in accord with the Sixth Circuit's decision in *Haskell v. Washington Township,* 891 F.2d 132, 133 (6th Cir.1989) (the denial of sanctions by a district court is not ordinarily appealable under *Cohen* ).