19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 852152 ONTARIO, INC., a Canadian corporation; Dollar Rent A
Car Systems (Canada) Inc., a Canadian corporation; 411696
Alberta Ltd., a Canadian corporation; 410541 Alberta Ltd.,
a Canadian corporation; 1973054 Nova Scotia Ltd., a
Canadian corporation; Dollar Rent A Car (Toronto), a
Canadian corporation; Dollar Leasing, Inc., a Canadian
corporation, Plaintiffs-Appellees,
v.
DOLLAR SYSTEMS, INC., a Delaware corporation; Dollar Rent A
Car Systems, Inc., a California corporation; Gary
L. Paxton, an individual, Defendants-Appellants.
 
 No. 92-55986.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1994.*
Decided March 16, 1994.
 Before: TANG, PREGERSON, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On June 1, 1992, Diane Sherman, the attorney for Dollar Systems, filed a motion for reconsideration of her previous motion to stay the case between Dollar and 852152 Ontario. The district court denied the motion and imposed sanctions in the amount of $6,000. Dollar and Diane Sherman appeal the imposition of sanctions. Ontario contends that the imposition of sanctions cannot be appealed because it is not a final order. We find that we do have jurisdiction to address the issue and that the sanction order should be reversed.
 
 Jurisdiction
 
 3
 Sanctions normally cannot be appealed until a final order in the underlying case has been entered. McCright v. Santoki, 976 F.2d 568, 569 (9th Cir.1992) (per curiam ). Sanctions imposed against a nonparty are appealable immediately. Id. Although the district court did not specify whether the sanctions were imposed against Dollar or its attorney, the presumption is that sanctions are imposed against the attorney if the order is not specific. Pavelic & Leflore v. Marvel Entertainment, 493 U.S. 120, 123-125 (1989). The order is therefore appealable immediately.
 
 The Sanctions
 
 4
 Diane Sherman based her motion for reconsideration on the fact that Ontario had filed a Statement of Defence in a suit brought by Dollar in Canada. This Statement served as a counter-claim and ensured that issues which were being litigated in the Los Angeles case brought by Ontario against Dollar would also be litigated in Canada. In her first motion, Sherman had argued for abstention under Colorado River Water Conservation District v. U.S., 424 U.S. 800 (1976), based on the desire to avoid piecemeal litigation. The district judge had denied the motion, stating that the issues in Canada and in Los Angeles were not "fully tied issues." The filing of the Statement of Defence in Canada by Ontario changed that fact; many of the issues in the two cases were now fully tied.
 
 
 5
 At the hearing on the motion for reconsideration, the judge stated that "[i]t never crossed [his] mind that they wouldn't put it at issue there." According to the judge, it would have been malpractice for Ontario's lawyers to fail to present the fully tied issues in Canada. Nothing that the judge said at the hearing on the original motion to stay the case would have given Sherman any indication that the judge had already considered the possibility that Ontario would file a Statement of Defence.
 
 
 6
 Rule 11 Sanctions are inappropriate if the lawyer has made a good faith argument for the extension or modification of existing law and where the legal arguments put forth are not frivolous. A legal argument is frivolous if "at time of filing, a competent attorney after a reasonable investigation could not have determined that a well-founded basis in fact and in law or a good faith argument for extension of law supported the filing." Les Shockley Racing Inc. v. National Hot Rod Association, 884 F.2d 504, 510 (9th Cir.1989). It is difficult to see how Sherman's motion could be considered frivolous under this definition. One of the rationales for Colorado River abstention is avoiding piecemeal litigation. Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir.1989). The motivation behind such abstention is not "the weighty considerations of federal-state relations," but rather Colorado River abstention "is designed to promote 'wise judicial administration' " American International Underwriters Inc. v. Continental Ins. Co., 843 F.2d 1253, 1257 (9th Cir.1988) (quoting Colorado River at 817-818). The filing of the Statement of Defence made Dollar's arguments in favor of abstention stronger because it would reduce the possibility of piecemeal litigation.
 
 
 7
 It is also difficult to see how Sherman's motion for reconsideration could be frivolous when the judge did not sanction her when she brought her original motion. The only difference between her original motion and the motion for reconsideration was the introduction of the Statement of Defence, which only served to make Dollar's argument stronger. Although the judge stated that he had already taken into account that a Statement of Defence would later be filed when he ruled on the original motion, he had not informed Sherman of that fact. It was reasonable for Sherman to assume that the judge, when ruling on the original motion, had not considered the possibility that a Statement of Defense would be filed and to assume that its filing might prompt the judge to reconsider his earlier decision. Sherman should not be sanctioned for failing to predict that the judge was prescient.
 
 
 8
 The only other possible grounds for Rule 11 sanctions would be that the motion for reconsideration was filed for an improper purpose. Nothing in the record or in the appellees' brief supports finding that Dollar filed its motion for reconsideration for an improper purpose. Imposing Rule 11 sanctions for the filing of the motion for reconsideration was an abuse of discretion.
 
 28 U.S.C. Sec. 1927 and Local Rule 7.16(b)
 
 9
 Appellees sought sanctions under Rule 11, as well as under 28 U.S.C. Sec. 1927 and Local Rule 7.16(b). The district court order imposing sanctions did not specify pursuant to which statute the sanctions were imposed. Sanctions under Sec. 1927 and Rule 7.16(b) require evidence of bad faith. MGIC Indemnity Corporation v. Moore, 952 F.2d 1120, 1122 (9th Cir.1991); Zambrano v. City of Tustin, 885 F.2d 1473, 1482 (9th Cir.1989). In this record, there is absolutely no evidence or even implication of bad faith on the part of Dollar. In their briefs, appellees fail to show any bad faith on the part of Dollar, other than simply stating that bad faith was clearly demonstrated by the filing of the motion for reconsideration. This tautology will not support sanctions. The sanctions, if imposed under either of these rules or Rule 11, were an abuse of discretion.
 
 
 10
 The district court's imposition of sanctions is REVERSED.
 
 
 
 *
 The panel find this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3