56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dorothy LANE, Plaintiff-Appellant,
Kate Dixon, Appellant,
v.
CITY OF EMERYVILLE; Emeryville Police Department; Joseph
Colleti, individually and in his capacity as Chief
of Police for the City of Emeryville;
Laura Sinclair, Defendant-Appellee.
 No. 93-16646.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 17, 1995.*
Decided May 16, 1995.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-93-01228-JPV, John P. Vukasin, District Judge, Presiding.
 N.D.Cal.
 VACATED AND REMANDED.
 Before: NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Attorney Kate Dixon and her client Dorothy Lane appeal from the district court's order imposing Rule 11 sanctions against Dixon in the amount of $7,500 for filing a lawsuit for an improper purpose (judge-shopping), and in the amount of $7,500 for filing a frivolous suit. The order also imposed sanctions in the amount of $500 against Lane for filing a frivolous suit. We vacate and remand.
 
 DISCUSSION
 
 3
 1. Emeryville argues that, because the sanction against Lane was vacated, her appeal is now moot. However, the district court did not have jurisdiction to affect the sanctions order which was on appeal from a final judgment. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982) (per curiam); McCright v. Santoki, 976 F.2d 568, 569-70 (9th Cir. 1992) (per curiam). Therefore, Lane has standing to appeal the imposition of the $500 sanction.
 
 
 4
 2. Dixon argues that because none of the signed papers she submitted had anything to do with recusal or "judge-shopping," the district court erred in imposing sanctions against her for judge-shopping. This argument contradicts the language of Rule 11, which clearly indicates that the papers themselves must be filed for a proper purpose. See Fed. R. Civ. P. 11 (1993). The fact that they did not specifically request a new judge is irrelevant to the district court's finding that their purpose--judge-shopping--was improper. Dixon argues that a complaint that is not frivolous cannot be found to have an improper purpose. She relies on Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) (citing Zaldivar v. Los Angeles, 780 F.2d 823, 832 (9th Cir. 1986)). Her reliance is misplaced. In the first place, Townsend discussed sanctions that are imposed for an initial filing of a complaint. Townsend, 929 F.2d at 1362. Second, Zaldivar recognized that there could be situations where even the filing of non-frivolous motions could amount to sanctionable conduct under Rule 11. See Zaldivar, 780 F.2d at 832 n.10. Finally, the district court did find that the complaints were frivolous.
 
 
 5
 Dixon goes on to argue that the district court based its sanctions solely on the fact that she dismissed her first action and then filed a second identical complaint. The record belies that claim. Among other things her reasons for the dismissal and refiling were unsatisfactory and "wholly lacking in credibility." The district court was not credulous enough to believe that Dixon's motives in dismissing and then refiling were connected to Kimberly's mental health when both the dismissal and the second complaint were dated on the same day, a day before the alleged illness even arose. Neither are we.
 
 
 6
 We also agree that it is hard to believe that Dixon "misunderstood" Local Rule 205-2. The rule clearly states that counsel is required to notify the district court that the action on file is related to another action on file in the court "whether or not dismissed or otherwise terminated," and Dixon had herself complied with this rule when she filed a notice of related cases in the first action.
 
 
 7
 Judge-shopping is a practice that has been "universally condemned." United States v. Conforte, 457 F. Supp. 641, 652 (D. Nev. 1978), aff'd, 624 F.2d 869 (9th Cir.), cert. denied, 449 U.S. 1012, 101 S. Ct. 568, 66 L. Ed. 2d 470 (1980); see also National Treasury Employees Union v. IRS, 765 F.2d 1174, 1177 n.5 (D.C. Cir. 1985). The district court enunciated clear reasons for its decision to impose sanctions on Dixon for judge-shopping; it did not abuse its discretion in doing so.
 
 
 8
 3. The district court also imposed sanctions upon Dixon and Lane for filing a frivolous suit. A filing is frivolous if it is "both baseless and made without a reasonable and competent inquiry." Townsend, 929 F.2d at 1362. On the facts of this case it is apparent that no such inquiry was made and that the complaint had no basis in fact.
 
 
 9
 The reasons that Dixon proffered to the district court are instructive. She asserted that "she relied on her client and her testimony." The latter part of the assertion is highly dubious. The "testimony" was simply given at a deposition in answer to questions by Dixon, where the other side had no incentive to cross examine because the incident did not involve its client. Moreover, the deposition was taken months after Dixon filed the first complaint. The second was, of course, a mere duplicate of the first one.
 
 
 10
 The former part of Dixon's assertion is no better. Mere blind reliance on a client is not a reasonable investigation, especially when that client is an emotionally troubled thirteen-year-old minor. Moreover, the barest investigation (a review of police reports) would have revealed that on August 31, 1992--the day that Officer Sinclaire supposedly locked the child up for three hours--Sinclaire, in fact, merely reported to the child's home after 9:00 pm. The child was not there and her mother complained that she was hanging out with boys over 18 years of age and was, basically, out of control. Numerous police reports both before and after that date delineated the child's problems at home. Nothing else was submitted which even tended to show that the complaint had any basis in fact, and before matters could be explored further, the parties agreed that the complaint should be dismissed with prejudice. The imposition of sanctions on Dixon was not an abuse of discretion. See Cooter & Gell v. Hartmarx, 496 U.S. 384, 402, 110 S. Ct. 2447, 2459, 110 L. Ed. 2d 359 (1990); Townsend, 929 F.2d at 1366.
 
 
 11
 Nor was the imposition of the $500 sanction against Lane an abuse of discretion. Rule 11 does contemplate the imposition of sanctions against represented parties, even if they do not sign the pleading. See Fed. R. Civ. P. 11 (1993). In any event, Lane did sign the petition for appointment of a guardian ad litem.
 
 
 12
 4. Dixon complains about the amount of the sanctions imposed upon her. We, of course, agree that the amount must be consistent with the purpose of the sanctions, In re Yagman, 796 F.2d 1165, 1183 (9th Cir.), amended, 803 F.2d 1085 (1986), cert. denied 484 U.S. 963, 108 S. Ct. 450, 98 L. Ed. 2d 390 (1987), that reasonableness of fee requests must be established, Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622-23 (9th Cir. 1993); see also Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), cert. denied, 425 U.S. 951, 96 S. Ct. 1726, 48 L. Ed. 2d 195 (1976), and that there must be evidence of reasonableness other than counsel's own statements. See Southerland v. International Longshoremen's & Warehousemen's Union, Local 8, 845 F.2d 796, 801 (9th Cir. 1987). While Dixon now makes various claims about the amount, she did not present her objections to the district court. Thus, she has waived them. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.), cert. dismissed, U.S. , 113 S. Ct. 454, 121 L. Ed. 2d 325 (1992); Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir.), cert. denied, 502 U.S. 899, 112 S. Ct. 275, 116 L. Ed. 2d 227 (1991).
 
 
 13
 5. However, when the district court issued its final sanction order--July 30, 1993--the December 1, 1993 amendments to Rule 11 had not yet gone into effect. Before December 1 sanctions were mandatory, but from that day forward they became discretionary. A number of other changes were also made. The amendment is "'applicable to all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending."' Roundtree v. United States, 40 F.3d 1036, 1040 (9th Cir. 1994) (citation omitted). It is generally a sound approach to afford the district court "'an opportunity to exercise its discretion whether to impose sanctions under the amended version."' Id. (citation omitted). We will follow that approach here, which seems particularly appropriate as to Lane in light of the fact that the district court has already attempted to vacate the sanction award against her. Therefore, while we agree with the district court's decision that sanctions were appropriate, and reject Dixon's claims that the court improperly set the amount, we vacate the awards against Dixon and Lane and remand to the district court so that it can exercise its discretion under the amended version of Rule 11 as to the imposition, nature, and amount of sanctions. To put it another way, although the district court did not err when it first decided this matter, we now set aside its decision and return the matter for a new exercise of its discretion. In so doing we do not intend to restrict the district court to the record as it now exists. On the contrary, in deciding the question of sanctions under the provisions of the amended rule, the court may receive and consider such further evidence and argument as it deems appropriate.
 
 
 14
 VACATED and REMANDED. Costs on appeal shall be borne by appellants.
 
 NORRIS, Judge., concurring:
 
 15
 I agree that this case must be remanded to the district court for reconsideration. I also agree that the district court properly found that Dixon had engaged in sanctionable judge-shopping. I am reluctant, however, to join in the approval of the district court's conclusion that the complaint was frivolous, as it appears to me that the district court may have improperly failed to consider relevant evidence. I further doubt that sanctions for a frivolous complaint could have been properly entered had the district court considered this evidence.
 
 
 16
 While I agree that the district court correctly found that Dixon did not conduct an adequate pre-filing investigation, this complaint could not have been found frivolous unless it was both inadequately investigated and contained allegations that were factually untrue. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). Dixon presented the deposition testimony of her client to show that she had adequately investigated the facts alleged in the complaint and to show that the facts were true. I agree that the deposition testimony, given after the complaint was filed, is not relevant to showing the adequacy of Dixon's pre-filing investigation. However, the district court appears to have refused to consider the deposition as evidence of the truth of the allegations in the complaint. The deposition was clearly relevant to the truth of Kimberly Lane's allegations of police misconduct -- it represented the testimony of one of the two people who were present during the events in question. On remand, the district court should consider Kimberly's testimony -- and any other evidence submitted to show the truth of Kimberly's story -- in determining whether the events described in the complaint ever actually happened.
 
 
 17
 Had the district court considered Kimberly's testimony, I am doubtful that it could have properly granted sanctions under the revised Rule 11. The district court did not have the benefit of live testimony, and so was not in a position to make credibility determinations based on observations of the witnesses' demeanor or their answers upon cross-examination. Instead, the court was confronted by conflicting written testimony from the two witnesses to the events and some other mildly probative circumstantial evidence. The Notes of the Advisory Committee on Rules, 1993 Amendment, state that "if a party has evidence with respect to a contention that would suffice to defeat a motion for summary judgment based thereon, it would have sufficient 'evidentiary support' for purposes of Rule 11." I think that this cautionary note is particularly appropriate where the factual dispute must be resolved on a credibility determination based on the papers submitted by the parties. Here, those papers would not have supported summary judgment against the plaintiff.
 
 
 18
 Thus, I concur in the decision to remand this case to the district court for complete reconsideration of whether Rule 11 has been violated and, if so, what sanctions are appropriate under the amended Rule.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Federal Rule of Appellate Procedure 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3