NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0157n.06

Case No. 22-1102

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 05, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RJ CONTROL CONSULTANTS, INC.; PAUL E. ROGERS, | ) ) ) | |
| Plaintiffs-Appellants, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| MULTIJECT, LLC; RSW TECHNOLOGIES, LLC; JACK ELDER, | ) ) | |
| | ) | OPINION |
| Defendants-Appellees. | ) ) | |

Before: GIBBONS, BUSH, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** This matter concerns a long-running dispute between two former friends and business colleagues regarding the alleged infringement of a copyright on software code used in an industrial control system. Plaintiffs RJ Control Consultants, Inc. and its sole shareholder, Paul Rogers (collectively, "Plaintiffs"), now appeal the district court's order granting a motion to disqualify Plaintiffs' proposed expert witness and the grant of summary judgment to Defendants Multiject, LLC, its sole owner, Jack Elder, and RSW Technologies, LLC (collectively, "Defendants"). Because the district court's order was not a final decision, we dismiss the appeal for lack of jurisdiction.

On March 1, 2016, RJ Control filed its complaint against Multiject, Elder, and RSW. On March 28, 2016, Multiject and Elder filed an answer and counterclaim. On June 9, 2017, RJ Control amended its complaint to add Rogers as a plaintiff. The amended complaint included

several federal and state-law claims: (1) copyright infringement, (2) trademark infringement, (3) violation of the Michigan Consumer Protection Act, (4) breach of contract, (5) unjust enrichment, (6) conversion, and (7) tortious interference with contract/business expectancy. On June 29, 2017, Multiject and Elder filed their amended counterclaim. The amended counterclaim alleged state-law claims for breach of contract, breach of implied contract, unjust enrichment, misrepresentation, setoff and recoupment, and declaratory relief.

Defendants moved for summary judgment on Plaintiffs' claims. The district court granted the motions as to the federal claims, dismissed Plaintiffs' state-law claims without prejudice after declining to exercise supplemental jurisdiction, and entered a judgment dismissing the case. Neither the order nor the judgment referenced Multiject and Elder's amended counterclaim.

After the district court denied Plaintiffs' motion for reconsideration, Plaintiffs appealed the district court's decision on the federal claims. We affirmed the district court's dismissal of the infringement claims related to technical drawings but reversed the grant of summary judgment on the software copyright claim. *RJ Control Consultants, Inc. v. Multiject, LLC*, 981 F.3d 446, 459 (6th Cir. 2020). On remand, Defendants again moved for summary judgment on the federal copyright claim and the district court, after disqualifying Plaintiffs' proposed expert witness, again granted summary judgment to Defendants. On January 18, 2022, the district court entered a judgment dismissing the amended complaint with prejudice. Again, the district court did not reference Multiject and Elder's amended counterclaim in the order or judgment. This appeal followed.

Though the issue of subject matter jurisdiction was not raised by the parties, "it is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella*

*v. Com. Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998). Under 28 U.S.C. § 1291, we have appellate jurisdiction over a final decision of the district court, which is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). "In the absence of a Rule 54(b) certification, an order disposing of fewer than all of the asserted claims is not appealable as a final judgment." *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997).

Post-remand, the district court entered a judgment dismissing the amended complaint. Multiject and Elder's amended counterclaim is not referenced in the district court's post-remand judgment, nor is it mentioned in any other orders or judgments entered by the district court. Additionally, the district court's post-remand judgment was not certified as an appealable order under Rule 54(b). *See Murray v. Bank One, Columbus, N.A.*, 765 F.2d 145, 1985 WL 13327, at *1 (6th Cir. 1985).

None of the parties moved for dismissal or summary judgment on the amended counterclaim. Indeed, after the amended counterclaim was filed in July 2017, the only clear reference to it—other than in deposition transcripts—is a brief mention in Multiject and Elder's post-remand summary judgment motion.

Because the district court did not adjudicate Multiject and Elder's amended counterclaim, its judgment did not dispose of all the claims in this action. And at oral argument, Multiject and Elder declined to relinquish their claims for relief. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 618 (6th Cir. 2009). Thus, there is no final decision. We therefore conclude that the pending amended counterclaim forecloses our ability to address the merits of Plaintiffs' appeal. *See, e.g.*, *Leico Int'l Corp. II v. Ohio State Univ. Rsch. Found.*, 202 F.3d 269, 2000 WL 32012, at *2–3 (6th Cir. 2000) (per curiam) (dismissing for lack of jurisdiction when district court did not dismiss

pending counterclaims); *Agristor Leasing v. Mohr*, 902 F.2d 32, 1990 WL 61132 (6th Cir. 1990) (same); *Toth v. Dixon*, 791 F.2d 935, 1986 WL 16870 (6th Cir. 1986) (same); *Murray*, 1985 WL 13327, at *1 (same).

For these reasons, we **DISMISS** Plaintiffs' appeal for lack of jurisdiction.